BEFORE THE FIRST DIVISION, MARCH 2, 1961

No. 65215.—Hudson Shipping Co., Inc. *v.* United States, protest 59/13429 (New York).

MOLLISON, Judge: Paragraph 1530(c) of the Tariff Act of 1930, as modified by the Presidential proclamation relating to the General Agreement on Tariffs

and Trade, T.D. 51802, provides for the imposition of a rate of 15 per centum ad valorem upon imported reptile leather, and for a rate of 10 per centum ad valorem upon such leather—

\* \* \* If imported to be used in the manufacture of boots, shoes, or footwear, but not cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes, or footwear.

Paragraph 1530(g) of the said act provides that—

The Secretary of the Treasury shall prescribe methods and regulations for carrying out the provisions of this paragraph.

Pursuant to such authority, the Secretary of the Treasury prescribed section 10.84 of the Customs Regulations, subsections (a) and (b), pertinent hereto, reading, at the time of importation of the merchandise at bar, as follows:

(a) Leather of a kind entitled under paragraph 1530(c), Tariff Act of 1930, as modified, to a reduced rate of duty if used in the manufacture of footwear may be entered, or withdrawn from warehouse, for consumption upon payment of duty at the reduced rate if the person making the entry or withdrawal files therewith his declaration that the leather was imported to be used in the manufacture of footwear and the collector is satisfied that the importer of the leather had the declared intention at the time of importation. Liquidation of the entry covering the leather shall be suspended until proof of use is furnished or the time allowed for the production thereof has expired.

(b) Within 3 years from the date of entry (in the case of warehouse entries as well as consumption entries) the importer shall submit in duplicate a certificate of the superintendent or manager of the manufacturing plant that the leather has actually been used in the manufacture of boots, shoes, or other footwear \* \* \*.

The facts in the case at bar are contained in a stipulation of counsel, upon which it was submitted for decision, as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the merchandise covered by the above-named protest consists of 2 bales of reptile leather not cut or wholly or partly manufactured into uppers, vamps, or any forms or shapes suitable for conversion into boots, shoes or footwear, and not grained, printed, embossed, ornamented, or decorated in any manner or to any extent nor made into fancy leather.

Said leather was entered on June 7, 1956 at 10% ad valorem under Paragraph 1530(c), Tariff Act of 1930 as modified by the President, T.D. 51802, and duty at said 10% rate was paid when the leather was withdrawn from warehouse for consumption on December 28, 1956.

That at the said time of entry and at the said time of withdrawal from warehouse for consumption the declaration referred to in Sec. 10.84(a) of the Customs Regulations of 1943 as amended to the effect that the leather was imported to be used in the manufacture of footwear, was not filed with the collector by the person making the entry or withdrawal.

That the entry was liquidated at the rate of 15% ad valorem under paragraph 1530(c) on July 10, 1957.

That on October 27, 1958 the importer filed with the collector's office in duplicate a certificate of the kind referred to in Sec. 10.84(b) stating that the subject leather was used in the manufacture of shoes.

While the protest is rather poorly drawn, it seems to be the contention of the plaintiff that the proper rate of duty applicable to the merchandise at bar is 10 per centum ad valorem by reason of the intended and actual use of the merchandise in the manufacture of shoes.

It will be seen from a reading of the stipulation quoted above that, although it appears that the provisions of subsection (b) of section 10.84 of the Customs Regulations, above quoted, were complied with, there was no compliance, nor

any attempt at compliance, with the requirements of subsection (a) of the said regulation.

The case was submitted for decision without the filing of briefs by either party. We are, therefore, at a loss to know the basis upon which the plaintiff seemingly contends that compliance with such regulation might be avoided or dispensed with.

The regulation, on its face, does not appear to be beyond the scope of the authority conferred upon the Secretary by paragraph 1530(g), or to be arbitrary or unreasonable in effect. It is noted that the proof offered to the court, in the form of the stipulation, does not establish the fact of intent at the time of importation to use the leather in the manufacture of footwear.

On the record presented, therefore, we have no other course than to overrule the protest, and judgment will issue accordingly.